PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TODD R. BRIGLIN,

          Plaintiff,

    -v-

DR. JOHN MORLEY Acting Deputy
Commissioner/Chief Medical Officer,
STEPHEN M. ASH Regional Health
Services Administrator, MARY TANDY
WALTERS Regional Health Services
Administrator, DR. CAHILL Facility Health
Services Director, Franklin Correctional
Facility, DR. HURLEY Facility Health
Services Director, Groveland Correctional
Facility, DR. PRITTI Physician, Franklin
Correctional Facility V. BARBER Deputy
Superintendent of Programs, Franklin
Correctional Facility, DEP. WALKER
Deputy Superintendent of Programs,
Groveland Correctional Facility. DARWIN
LACLAIR Superintendent, Franklin
Correctional Facility, SHAWN CRONIN
Superintendent, Groveland Correctional
Facility, CORRECTIONS OFFICER
"JOHN DOE #1" Auburn Correctional
Facility, CORRECTIONS OFFICER
"JOHN DOE #2" Auburn Correctional
Facility, SERGEANT "JOHN DOE #3"
Auburn Correctional Facility,
CORRECTIONS OFFICER "G" Auburn
Correctional Facility, REGISTERED
NURSE (RN) "H" Auburn Correctional
Facility, and NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION
          Defendants.

_____

19-CV-6927L
ORDER

## INTRODUCTION

Plaintiff Todd R. Briglin has brought this action under 42 U.S.C. § 1983, complaining that his constitutional rights were violated at the Franklin, Auburn and Groveland Correctional Facilities ("Franklin," "Auburn" and "Groveland," respectively). Docket Item 1 ("Complaint").

Plaintiff's extensive allegations deal with some actions and Defendants relating to Groveland, in this District, but largely concern the actions of Defendants at Franklin, which is located in Malone, New York, Franklin County, and Auburn, which is located in Auburn, New York, Cayuga County, both in the Northern District of New York. Plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated, as were his rights under the Americans with Disabilities Act (42 U.S.C. § 12001 *et seq.*, "ADA"), as more particularly described in the Complaint. For the reasons set forth below, Plaintiff's claims regarding Groveland are dismissed with leave to amend, and the remaining claims are severed and transferred to the Northern District of New York pursuant to 28 U.S.C. § 1406(a).

## DISCUSSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed the required Authorization, Docket Item 12, he is granted permission to proceed *in forma pauperis*. Therefore, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), this Court must screen this Complaint.

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a

complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1)-(2). Generally, the court will afford a pro se plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."  *Abbas*, 480 F.3d at 639 (internal quotation marks omitted).  But leave to amend pleadings may be denied when any amendment would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## I.  THE COMPLAINT

In evaluating the Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' "  *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").  Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted pro se must meet the notice

3

requirements of Rule 8 of the Federal Rules of Civil Procedure.  *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

## II. SECTION 1983 CLAIMS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."  *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).   "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command.  *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of respondeat superior is not available in a § 1983 action.  *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003).  But a supervisory official can be found to be personally involved in an alleged constitutional violation in one of several ways:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates

by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873 (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

### III. Plaintiff's Allegations

The allegations of the Complaint, presumed true at this stage of the proceedings, tell the following story.  On August 8, 2015, while on Work Release, Plaintiff was struck by an automobile while riding a bicycle.  Complaint at 5 ¶ A.  He suffered substantial injuries and was limited in his work.  *Id.*  In April of 2016, while at work, Plaintiff slipped, reinjuring his upper thigh and groin, requiring surgery to both legs and his abdomen.  *Id* ¶ B.  Plaintiff was prescribed numerous medications, including oxycodone, after the motor vehicle accident.  *Id.* at 6 ¶ E.

On March 11, 2019, Plaintiff was violated on parole and given an 18-month assessment, resulting in his return to Department of Corrections and Community Supervision ("DOCCS") custody.  *Id.*  ¶ F. Upon reaching the Downstate Correctional Facility, Plaintiff's dosage of medication was increased.  *Id* ¶ H.  Plaintiff was then transferred to Franklin.  *Id.*  On October 11, 2019, Plaintiff entered a plea of guilty to a new felony.  *Id.* ¶ G.  Plaintiff's chronology is often unclear, however, most of the following events appear to occur between March 11 and October 11, 2019.

Upon his arrival at Franklin "on a Friday," Plaintiff was housed in the infirmary.  *Id.* at 7 ¶ J.  "Plaintiff was seen by Dr. Pritti on the following Monday at which time she took the Plaintiff's wheelchair" and discontinued one of his medications without consulting a specialist.  *Id.*[1]  Plaintiff attributes this to DOCCS policy regarding medications with abuse

---

[1] Docket Item 1-1 at 29, Exhibit F, is a Franklin grievance dated June 14, 2019, and recites "Grievant met with doctor on 5/28/19 and medication was adjusted."

potential ("MWAP") and he was denied the five-day supply he is entitled to under that policy while its discontinuation is reviewed.  *Id.* at 8 ¶ L.  In May 2019, Dr. Cahill ordered a series of surgical consults, which were denied by the Central Office.  *Id.* at 9 ¶ M.

Plaintiff was frequently transported between Franklin and Groveland for court appearances in Steuben County on the then-pending criminal charges.  *Id.* ¶ N.  This involved multiple lengthy bus rides between DOCCS facilities.  *Id.*  A direct trip between prisons would have been five hours, but the bus trips took five days "with several days extending beyond 10-12 hours of transport daily."  *Id.* at 10 ¶ O.

On the first trip from Franklin to Groveland, on the bus ride from Auburn to the Wende Correctional Facility (apparently on August 23, 2019, Docket Item 1-1 at 43), Plaintiff fell twice.  Complaint at 10 ¶ P.  Plaintiff had told Sergeant John Doe that if he was shackled to another inmate that he would fall, and Defendant replied that Plaintiff could sue New York State, he "didn't care."  *Id.*  Plaintiff does not explain how he fell, but his attachments show that he explained to medical personnel that "every so often my leg will give out."  Docket Item 1-1 at 43.[2]  The risk of falling is why Plaintiff requested direct transport between prisons, which was denied.  Complaint at 11 ¶ Q.  The risk of falling was increased because Corrections Officers John Doe 1 and John Doe 2 took Plaintiff's cane away and because he had been denied a wheelchair since arriving at Franklin.  *Id.* ¶ R.

---

[2] "[T]he court may consider facts set forth in exhibits attached as part of the complaint as well as those in the formal complaint itself."  *Chance v. Armstrong*, 143 F.3d 698, 698 n.1 (2d Cir. 1998); *see Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference"); *see also Cooper v. Dennison*, 2011 WL 1118685, at *1 (W.D.N.Y., March 24, 2011) (Siragusa, D.J.) ("Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered.") (citing *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir.2007) (citations and internal quotation marks omitted)).

Plaintiff filed a grievance at Franklin contending that he was entitled to direct transport under the ADA, that he was denied blood pressure medication for twenty-five days at Groveland, and that he had fallen because Defendants had taken his cane away. *Id.* ¶ S.   The grievance was denied because direct transport had not been deemed necessary by medical personnel, Plaintiff had received his medication, and there was no documentation regarding his falls.   *Id.* at 12 ¶ S.

"On the Plaintiff's last trip Correctional Officer 'G' at the Auburn Correctional Facility took the Plaintiff's medically approved back brace."   *Id.* at 13 ¶ V.   When Plaintiff complained, the Officer threatened to beat him and have Plaintiff placed in the Special Housing Unit.   *Id.*   Plaintiff nearly fell, and grieved the issue at Franklin upon his return. *Id.* ¶¶ W, Z.

Plaintiff was at Groveland for court when his scheduled CT scan was to take place in Malone, New York, a distance of nearly 300 miles.   *Id.* at 15 ¶ BB(i).   Corrections Officers made it clear that "they" wanted Plaintiff to refuse the trip, but he did not, and he was transported by van to the appointment.   *Id.* at 16 ¶ BB(iv).

Plaintiff was not housed in the handicapped dorm at Groveland "until he slipped and fell in water in the bathroom stall," but this move was "too little, too late as the fall had occurred and the damage had been done."   *Id.* ¶ CC.   After the fall, Plaintiff "was finally put in to see the doctor at Groveland."   *Id.*   Plaintiff wrote numerous letters to officials in Albany, Defendants Morley, Tandy-Walters and Ash, detailing the difficulties which arose with Plaintiff's frequent transfers between Groveland and Franklin. *Id.* at 16-18, ¶¶ DD, EE, FF, GG and HH.   Plaintiff received an x-ray on his back and hips, and was scheduled for an Electromyography procedure ("EMG"), which had to be rescheduled when he was

returned to Franklin.  *Id*. at 18 ¶ II.  Plaintiff was referred to his primary care provider, but was unsure who that was and believes that he does not have a primary care provider except at Groveland.  *Id*. ¶ JJ.  Plaintiff has no access to doctors at Groveland because he is housed at Franklin.  *Id*. at 19.

Plaintiff "has not seen anyone who has taken responsibility for the coordination of his care and the facilities compliance with the ADA."  *Id*. ¶ KK.  Plaintiff believes that he should have been moved to Groveland rather than transported between facilities.  *Id*. Plaintiff notes that "the Reserved Decision from Workers' Compensation . . . [has] been invalidated and ignored" even though it was provided to each facility, and he has "not been seen by any doctor within the system who is a specialist in the field of neurology or orthopedics concerning his back or legs."  *Id*. at 20 ¶ NN.  His six court trips resulted in twelve moves of five days duration when the direct trip could have been done in five hours.  *Id*. at 21 ¶ OO.  "Plaintiff is considered 100% disabled by New York State and Social Security."  *Id*. at 22 ¶ PP.

Plaintiff states three claims.  Plaintiff's first claim is that his Eighth Amendment rights were violated by inadequate medical care (*Id*. at 22) by Defendants Morley, Ash, Walters, Cahill, Hurley, Pritti, LaClair, and Registered Nurse "H."  *Id*. at 26-28.  Plaintiff's second claim that Defendants Barber, Walker, LaClair, Cronin, COs John Doe #1 and John Doe #2, Sergeant John Doe #1. CO "G" and Registered Nurse "H" violated Title II of the ADA when he was denied a cane and back brace during transport, when he was not housed in the medical dorm at Groveland, and when he was denied direct transport from Franklin to Groveland.  *Id*. at 28-32.  Plaintiff's third claim is that New York State is

liable as its policies have caused the misconduct because DOCCS policies do not coordinate medical care among the prisons. *Id.* at 36.

### IV. Analysis

#### a. Claims against New York State

The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). It is well-settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66(1989). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). *See also Hafer v. Melo*, 502 U.S. 21, 27 (1991) (Just as states and state agencies are not "persons" under § 1983, state officers acting in their official capacities are not "persons" since they assume the identity of the government that employs them.). Plaintiff may therefore sue the Defendants in their official capacity only if they consent to be sued. *Pennhurst*, 465 U.S. at 140-141. Since none have consented, the Eleventh Amendment bars the Plaintiff's suit for money damages against the New York State and individual Defendants in their official capacity, to the extent that such claims have been made.

#### b. Groveland Claims

##### i.     Groveland and Related Allegations

Plaintiff's claims relating to incidents in Groveland, during transport there or to the Wende Correctional Facility, or which otherwise appear to have occurred in the Western District of New York are as follows. On August 23, 2019, Plaintiff fell twice on the ride

from Auburn to Wende after Defendant Sergeant John Doe shackled him to another inmate.  Plaintiff had protested that being shackled to another risked falling, Defendant said that he did not care, and suggested that Plaintiff sue New York State.  Defendants Corrections Officers John Doe 1 and John Doe 2 had removed Plaintiff's cane for this same trip.  Plaintiff indicates that he fell when the inmate he was shackled to had to go to the bathroom at the back of the bus and "I could not make it there as he was trying to drag me down the aisle."  Docket Item 1-4 at 10.  Plaintiff "reinjured" his left thigh, groin and back.  *Id.*  Plaintiff also went without his blood pressure medications for twenty-five days while at Groveland.

On Plaintiff's "last trip" to Groveland, Corrections Officer "G" at Auburn took Plaintiff's back brace, and threatened him when he protested.  The missing back brace caused Plaintiff to nearly fall during the trip.  While at Groveland, officers made it clear that they did not wish to transport Plaintiff to a CT scan 300 miles away, but when Plaintiff refused to waive the treatment, he was transported there directly.  Finally, Plaintiff fell at Groveland when he slipped and fell in water in a bathroom stall.

### ii.   Medical Claims

Plaintiff alleges a denial of blood pressure medication while at Groveland.  A claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that a defendant was deliberately indifferent to a plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  *See also Ross v. Kelly*, 784 F.Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992).  "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction

10

of pain.' " *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)).  The Second Circuit pointed out that

> [medical] conditions . . . vary in severity and . . . a decision to leave a condition untreated will be constitutional or not depending on the facts of the particular case.  Thus, a prisoner with a hang-nail has no constitutional right to treatment, but if prison officials deliberately ignore an infected gash, "the failure to provide appropriate treatment might well violate the Eighth Amendment."

*Id.* (quoting *Chance*, 143 F.3d at 702).

An isolated failure to provide medical treatment, without more, is generally not actionable unless the surrounding circumstances suggest a degree of deliberateness, rather than inadvertence, in the failure to render meaningful treatment.  *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987).  Further, when the basis for a prisoner's Eighth Amendment claim is a "temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone." *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003).

Plaintiff alleges a denial of his blood pressure medication for a significant period of twenty-five days but does not set forth facts regarding the consequences of that interruption.  Defendant Morley replied to Plaintiff's complaint, after the fact, that his records and medicine were sent with him to Groveland, and that his blood pressure was recorded as 126/86.  Docket Item 1-1 at 2.  Further, the Court finds that the allegations in this claim are silent as to the circumstances surrounding Plaintiff's denial of medication, thus do not suggest any degree of deliberateness on the part of any Defendant, and

therefore Plaintiff has failed to allege a constitutional violation.[3]   However, he will be granted an opportunity to amend his Complaint.  *See Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed. R. Civ. P. 15(a) (leave to amend shall be freely given).

### iii.   Eight Amendment Health and Safety Claims

Plaintiff protested at being shackled to another inmate while being transported from Auburn to Wende on his way to Groveland.  Defendant Sergeant John Doe said that he did not care, and suggested Plaintiff sue the state.  Defendants Corrections Officers John Doe 1 and John Doe 2 denied Plaintiff the use of his cane while on the bus.  Plaintiff fell twice as a result of being dragged by the other inmate, who had to use the bathroom and pulled Plaintiff along rather than wait for him to walk.  As a result of these falls, Plaintiff "re-injured" his left thigh, groin and back.

The Court construes this as a conditions of confinement claim under the Eighth Amendment.  Generally, in order to state a valid conditions of confinement claim, a plaintiff must allege: (1) the conditions were so serious that they constituted a denial of the "minimal civilized measure of life's necessities," and (2) the prison officials acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991) (citation omitted) (cited in *Branham v. Meachum*, 77 F.3d 626, 630-31 (2d Cir. 1996)).   An Eighth Amendment claim of cruel and unusual punishment thus consists of two components: (1) a subjective component which focuses on the defendant's motive for his conduct; and (2) an objective component which focuses on the conduct's effect. *See Sims v. Artuz*, 230

---

[3] Plaintiff's attached medical record states "ran out of self-carry" on July 12, 2019, that his blood pressure was 133/78 and that it was taken daily.  Docket Item 1-1 at 50.

F.3d 14, 20 (2d Cir. 2000). The subjective component "requires a showing that the defendant had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct." *Atkins v. County of Orange*, 372 F. Supp. 2d 377, 398 (S.D.N.Y. 2005), *aff'd on other grounds sub nom. Bellotto v. County of Orange*, 248 F. App'x 232 (2d Cir. 2007).

Here, even assuming *arguendo* that Plaintiff's allegations are sufficient to show deliberate indifference on the part of Sergeant John Doe, and that the invitation to sue the state was not an indication that Defendant had no choice but to shackle the inmates, Plaintiff has not alleged a constitutional violation.   To state an Eighth Amendment violation, "the alleged safety issue must expose the inmate to serious damage to future health."  *Hawkins v. Nassau Cty. Corr. Fac.*, 781 F. Supp. 2d 107, 113 (E.D.N.Y. 2011) (collecting slip and fall cases).  Indeed, here it was not the shackling which caused Plaintiff to fall, unable to balance himself, but the independent act of another inmate who dragged Plaintiff through the bus.[4]  Further, there is no indication that Plaintiff risked, or suffered, serious damage to his future health.

Similarly, the failure to transfer Plaintiff to the handicapped dorm until he fell in bathroom does not allege deliberate indifference on the part of any Defendant.  Plaintiff points to his letter to his letter to Defendant Walker regarding his care at Groveland and his ADA claim, but the letter merely asks for transfer to Groveland and complains in general terms about his medical treatment.  Docket Item 1-4 at 22.  Plaintiff's allegations do not suggest the deliberate indifference on the part of any Defendant.  As in *Hawkins*,

---

[4] "When I fell it was because [the other inmate] needed to use the bathroom in the back of the bus, I could not make it there as he was trying to drag me down the aisle, the officers had taken my cane away from me on entering the bus."  Docket Item 1-4 at 10.

"plaintiff's allegations that he fell in the shower area of the jail because of a slippery floor do not state a plausible Section 1983 claim." *Hawkins*, 781 F. Supp. 2d at 114.  Leave to amend is granted.

On the Plaintiff's "last trip" Correctional Officer 'G' at the Auburn Correctional Facility took the Plaintiff's medically approved back brace."  Complaint at 13 ¶ V.  When Plaintiff complained, the Officer threatened to beat him and have Plaintiff placed in the Special Housing Unit.  *Id.*  On the trip, Plaintiff nearly fell, and he filed a grievance at Franklin upon his return.  *Id.* ¶¶ W, Z.

"Plaintiff asserts a deliberate indifference claim under the Eighth Amendment, and as such has the burden of proving that the defendant acted with deliberate indifference to a serious medical need."  *Reed v. McGee*, 03 CV 756, 2004 WL 2980755, at *4 (W.D.N.Y Dec. 22, 2004) (granting summary judgement for denial of a back brace). Denial of a back brace, a potential weapon, during transport does not without more show either deliberate indifference on the part of Defendant Officer "G" or that the denial of "a back brace [resulted in] a condition of urgency that may produce death, degeneration or extreme pain."  *Id.*  The Defendant's threat to Plaintiff for complaining about the removal of the brace does not retroactively convert that removal to something more.  Indeed, "harassment or profanity alone, unaccompanied by any [physical] injury, no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983."  *Shabazz v. Pico*, 994 F. Supp. 460, 471 (S.D.N.Y. 1998) (citation and internal quotation marks omitted).  Plaintiff will be given the opportunity to amend to set forth the necessary allegations, if possible, to remedy the shortfall.

14

iv.     **ADA Claims**

Plaintiff alleges that COs John Doe #1 and John Doe #2, Sergeant John Doe #1, CO "G" and Registered Nurse "H" violated Title II of the ADA when he was denied a cane and back brace during transport, and when he was not housed in the medical dorm at Groveland.  Title II of the ADA provides, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.

To prove a violation of Title II, a party must establish, "(1) that he is a 'qualified individual' with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to his disability."  *Hargrave v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003).  "Although a public entity must make "reasonable accommodations," it does not have to provide a disabled individual with every accommodation he requests or the accommodation of his choice."  *McElwee v. County of Orange*, 700 F.3d 635, 641 (2d Cir. 2012).

It "is well established that Title II does not authorize suits against state officers in their individual capacities."  *Cole v. Goord*, 05 CIV. 2902 (GEL), 2009 WL 2601369, at *3 (S.D.N.Y. Aug. 25, 2009).  Therefore, a plaintiff may "proceed with a suit against the defendants in their official capacity for injunctive relief."  *Id.*  However, it "is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility."  *Prins v. Coughlin*, 76 F3d 504, 506 (2d Cir. 1996).  Plaintiff, an

inmate at Franklin and no longer transported to Groveland for court, can obtain no possible injunctive relief against Groveland Defendants.

### c. Franklin and Auburn Claims

The bulk of Plaintiff's Complaint addresses the failure to approve direct transport while he was confined at Franklin and his grievances regarding medical care at Franklin.[5] While the transport issues were caused by the need to transport Plaintiff to Groveland for court appearances in Steuben County, these claims involve discrete actions taken by individuals associated with Franklin.

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When a case is filed in a district in which venue is improper, the court shall dismiss the case "or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).  A district court may *sua sponte* decide to transfer an action.  *See Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (observing that "[t]he broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*" (citation omitted)).

---

[5] Even while Plaintiff was temporarily housed at Groveland, the responsibility for his care apparently rested with medical staff at Franklin.  "I did speak with the doctor at Groveland, but I was told that I would not get help from there because I was an inmate up at franklin Correctional."  Docket Item 1-4 at 18.

Here, the events underlying the claims asserted in the Complaint regarding refusal of doctors at Franklin to order direct transport occurred in Malone, New York— which is located in Franklin County and thus within the geographical confines of the Northern District of New York.  The records, Defendants and other witnesses are thus located in Franklin County.  Moreover, the Plaintiff does not allege that any of these Defendants reside within the Western District of New York.  Thus, there simply is no basis for venue in the Western District of New York as to the claims arising out of Franklin Correctional Facility.  The same applies to Plaintiff's allegation that his medication was changed when he arrived at Franklin, that he was denied the five-day supply of oxycodone to which he believes he was entitled, and all of his claims under the ADA.  Accordingly, Plaintiff's claims arising in Franklin regarding the denial of direct transport, the change in his medication and the denial of his rights under the ADA are severed from the remainder of this action and transferred to the Northern District of New York.

Based upon the foregoing, this Court finds that Plaintiff's claims regarding Groveland, Elmira and Wende Correctional Facilities must be dismissed with leave to amend, and that the venue of the Plaintiff's remaining claims are not proper in this district. Plaintiff's Franklin Defendants will be terminated as parties to this action, but Plaintiff's amended complaint may include them if they were personally involved in his Groveland, Elmira or Wende claims.

**CONCLUSION**

17

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* is granted.  This Court further determines that it is in the interest of justice that all claims regarding direct transport, the change in Plaintiff's medication and the denial of his rights under the ADA arose in Franklin Correctional Facility and must be severed and transferred to the Northern District of New York pursuant to 28 U.S.C. § 1406(a).  This Court makes no ruling as to the sufficiency of the Plaintiff's claims as to Franklin Defendants, and instead this Court leaves those issues to the Northern District of New York.

For the reasons set forth above, Plaintiff's remaining claims must be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A unless Plaintiff files an amended complaint by **forty-five (45) days from the date of this Order**, in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action.  "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."  *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (*quoting Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, Plaintiff's amended complaint must include all of the allegations **only against each of the Defendants involved in the allegations as to Groveland Correctional Facility,** so that the amended complaint may stand alone as the sole complaint in this action which those Defendants must answer.

## <u>ORDER</u>

IT HEREBY IS ORDERED, that Plaintiff's application to proceed *in forma pauperis* is granted;

FURTHER, that all claims regarding direct transport from Franklin, the change in Plaintiff's medication and the denial of his rights under the ADA are severed and transferred to the United States District Court for the Northern District of New York;

FURTHER, that all claims against New York State are dismissed with prejudice, and the Clerk of Court is directed to terminate New York as a Defendant to this action;

FURTHER, that as no claims against Franklin Defendants Morley, Ash, Waters, Cahill, Pritti, Barber and LaClair remain in this District, the Clerk of Court is directed to terminate them as a Defendants to this action;

FURTHER, that Plaintiff's remaining claims are dismissed, and that Plaintiff is granted leave to file an amended complaint as directed above by **forty-five (45) days from the date of this Order**;

FURTHER, that the Clerk of Court is directed to send to Plaintiff with this Order a copy of the original Complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that if Plaintiff fails to file an amended complaint as directed, that all claims regarding Groveland Correctional Facility are dismissed with prejudice for failure to state a claim on which relief may be granted without further order of the Court; and

FURTHER, that if Plaintiff fails to file an amended complaint as directed, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed

19

on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____

David G. Larimer
United States District Judge

DATED:      May 7, 2020
            Rochester, NY