PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TODD R. BRIGLIN,

        Plaintiff,

   -v-                                           19-CV-6927L

DR. JOHN MORLEY Acting Deputy Commissioner/Chief Medical Officer, et al.,                        ORDER

        Defendants.
_____

## INTRODUCTION

Plaintiff Todd R. Briglin brought this action pro se under 42 U.S.C. § 1983, complaining that his constitutional rights were violated at the Franklin, Auburn and Groveland Correctional Facilities ("Franklin," "Auburn" and "Groveland," respectively). Docket Item 1 ("Complaint"). Plaintiff alleged that his Eighth Amendment right to be free from cruel and unusual punishment was violated, as were his rights under the Americans with Disabilities Act (42 U.S.C. § 12112, "ADA"), as more particularly described in the Complaint.

Upon screening of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court severed and transferred claims arising at Auburn and Franklin, and dismissed claims arising in Groveland, but granted Plaintiff leave to file an amended complaint. Docket Item 13 ("Initial Review Order"). Plaintiff has now filed an Amended Complaint, which must now be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and

1915A.  For the reasons set forth below, the Amended Complaint must be dismissed for failure to state a claim on which relief may be granted.

## DISCUSSION

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), this Court must screen this Amended Complaint.  Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1)-(2).

### I.  THE AMENDED COMPLAINT

In evaluating the Amended Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' "  *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the

2

most unsustainable of cases."). Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted pro se must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

## II. SECTION 1983 CLAIMS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of respondeat superior is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). But a supervisory official can be found to be personally involved in an alleged constitutional violation in one of several ways:

> (1) the defendant participated directly in the alleged constitutional violation,
> (2) the defendant, after being informed of the violation through a report or

3

appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873 (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

### III. Plaintiff's Allegations

Plaintiff was granted leave to file an amended complaint to address four claims: he was denied blood pressure medication (Initial Review Order at 11); he fell on the bus while being transported to Groveland (*Id.* at 13); he fell in the bathroom at Groveland (*Id.*): and that his back brace was taken from him for transport and he was threatened when he requested that it be returned (*Id.* at 14).  The allegations of the Amended Complaint, presumed true, tell the following story.[1]

Plaintiff, an inmate housed at Franklin who suffered from a number of mobility issues, had requested and was denied direct transport for trips between Franklin and Groveland made necessary by court appearances near Groveland.  Amended Complaint at 7 ¶ P.  Plaintiff was not housed in the handicapped dorm at Groveland until he "slipped and fell in water in the bathroom stall."  *Id.* at 8 ¶ S.  Plaintiff "alleges that he was denied reasonable accommodations by not placing [him] in handicapped housing when he first arrived at Groveland."  *Id.*

---

[1] Plaintiff's claims regarding the failure to provide him with direct transport from Franklin to Groveland and back were severed and transferred to the Northern District of New York in the Initial Review Order.  Plaintiff has nonetheless realleged these claims in the Amended Complaint, while providing only limited factual recitation of the claims he was permitted to amend.  This recitation of the facts alleged in the Amended Complaint will generally be limited to those claims which remain in this Court.

On his "last trip at Groveland, the plaintiff ran out of his blood pressure medication." *Id.* at 10 ¶ V.  Plaintiff submitted a refill request, and all medications except his blood pressure medication (Metoprolol) were filled.  *Id.*  Plaintiff "wrote to the nursing staff and even went to the corrections officer on the dorm to inquire about my medication."  *Id.*  The dorm officer "called the infirmary and was told they would call him back, but [they] never did."  *Id.*  Plaintiff did not receive blood pressure medication until his return to Franklin, 25 days after his medication ran out.  *Id.*  Plaintiff suffered constant headaches and blurred vision.  *Id.*

Plaintiff fell once while at Groveland and twice on the bus while en route to Groveland.  He fell in the bathroom on a wet floor which was not marked with a wet floor sign.  *Id.* at 8 ¶ S.  The Amended Complaint appears to rely on the allegations of the initial Complaint regarding his fall on the bus and adds only that being shackled to another inmate was not required by Department of Corrections and Community Supervision ("DOCCS") regulations.  Amended Complaint at 6 ¶ M.  Plaintiff attaches medical reports showing damage alleged to have resulted from his falls.  *See* Amended Complaint, Exhibits K, L and M.  Plaintiff does not reallege, as permitted, his claim that he was threatened when he requested the return of his back brace.

### IV. Analysis

#### a. Medical Claims

Plaintiff alleges a denial of blood pressure medication while at Groveland.[2]  A claim of inadequate medical care rises to the level of a constitutional violation only where the

---

[2] To the extent that Plaintiff alleges other denials of medical care while at Groveland, these allegations are beyond the scope of the permitted amendment, and stated in wholly conclusory form.  See Amended Complaint at 19-22.  These allegations, however, support "Dorm and Direct Transport" claims (*Id.* at 26) and are set forth as part of Plaintiff's ADA allegations, which are addressed below.

facts alleged show that a defendant was deliberately indifferent to a plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). *See also Ross v. Kelly*, 784 F. Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992). "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.' " *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)). The Second Circuit pointed out that

> [medical] conditions . . . vary in severity and . . . a decision to leave a condition untreated will be constitutional or not depending on the facts of the particular case. Thus, a prisoner with a hang-nail has no constitutional right to treatment, but if prison officials deliberately ignore an infected gash, "the failure to provide appropriate treatment might well violate the Eighth Amendment."

*Id.* (quoting *Chance*, 143 F.3d at 702).

An isolated failure to provide medical treatment, without more, is generally not actionable unless the surrounding circumstances suggest a degree of deliberateness, rather than inadvertence, in the failure to render meaningful treatment. *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987). Further, when the basis for a prisoner's Eighth Amendment claim is a "temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone." *Smith v. Carpenter,* 316 F.3d 178, 185 (2d Cir. 2003).

Plaintiff alleges a denial of his blood pressure medication for twenty-five days, and alleges that he suffered from headaches and blurred vision as a result. However, Plaintiff

has failed to set forth facts which would support an inference of deliberate indifference on the part of any Defendant.  Because his assertions do not show that Defendants

> acted intentionally to withhold from him his prescribed medication or [were] in any way responsible for the delay in obtaining a refill of his medication from the [provider], he has failed to state an Eighth Amendment claim of deliberate indifference to a serious medical need.

*Baskerville v. Blot*, 224 F. Supp. 2d 723, 735-36 (S.D.N.Y. 2002).  Plaintiff states only that he wrote to the nursing staff, and that a dorm officer called someone at the infirmary, who promised to call back but did not.  These limited inquiries do not show that any Defendant was deliberately indifferent to Plaintiff's medical needs.  All other medications were provided promptly, and Plaintiff sets forth only these limited attempts to obtain what was missing.  There are no allegations of repeated inquiries made to any Defendant, nor does Plaintiff allege that any Defendant was aware of and ignored the length of time he was without the medication.

> Plaintiff has thus alleged nothing more than the potential that medical errors were committed that caused him some discomfort. There is nothing at all to suggest the degree of recklessness that elevates what is at most potential medical malpractice to the kind of deliberate indifference that the Eighth Amendment prohibits.

*Williams v N.Y. City Dept. of Corrs.*, 14 CIV. 5082 (BMC), 2016 WL 393438, at *3 (E.D.N.Y. Jan. 31, 2016) (failure to provide blood pressure medication).  The facts alleged do not suggest a degree of deliberateness, rather than inadvertence, and Plaintiff's Eighth Amendment medical claims must therefore be dismissed with prejudice.

### b.  Eight Amendment Health and Safety Claims

In his initial Complaint, Plaintiff alleged that he objected to being shackled to another inmate while being transported from Auburn to Wende on his way to Groveland, and Defendant Sergeant John Doe said that he did not care, and suggested Plaintiff sue

the state.  *See* Initial Review Order at 12-13.  Plaintiff fell twice as a result of being dragged by the other inmate, who had to use the bathroom and pulled Plaintiff along rather than wait for him to walk.  *Id.*  As a result of these falls, Plaintiff "re-injured" his left thigh, groin and back.  *Id.*  The Court construed this as a conditions of confinement claim under the Eighth Amendment and dismissed, but granted Plaintiff permission to amend.  In the Amended Complaint, Plaintiff alleges only that shackling him to another inmate was not required by DOCCS policies and the he was often shackled independently.  Amended Complaint at 6-7.

Generally, in order to state a valid conditions of confinement claim, a plaintiff must allege: (1) the conditions were so serious that they constituted a denial of the "minimal civilized measure of life's necessities," and (2) the prison officials acted with "deliberate indifference."  *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991) (citation omitted) (cited in *Branham v. Meachum*, 77 F.3d 626, 630-31 (2d Cir. 1996)).  An Eighth Amendment claim of cruel and unusual punishment thus consists of two components: (1) a subjective component which focuses on the defendant's motive for his conduct; and (2) an objective component which focuses on the conduct's effect.  *See Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000).  The subjective component "requires a showing that the defendant had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct."  *Atkins v. County of Orange*, 372 F. Supp. 2d 377, 398 (S.D.N.Y. 2005), *aff'd on other grounds sub nom. Bellotto v. County of Orange*, 248 F. App'x 232 (2d Cir. 2007).

Plaintiff has not alleged a constitutional violation.  It was not the shackling itself which caused Plaintiff to fall, unable to balance himself, but the independent act of another

8

inmate who dragged Plaintiff through the bus.[3]  There is no indication of any prior warning that the other inmate posed a danger to Plaintiff which Defendant ignored.  Deliberate indifference must be measured subjectively, that is,

> a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to [the] inmate['s] health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.  Plaintiff has not alleged that Defendant was aware of the actual danger viz, that Plaintiff would be dragged by another inmate causing him to fall.  *See, e.g., Daum v. Doe*, 13-CV-88V(F), 2016 WL 3411558, at *2 (W.D.N.Y. June 22, 2016) (where plaintiff "offered sufficient proof to create an issue of fact that, regardless of how quickly the assault occurred, Defendant [] knew about the impending assault far enough in advance to intervene and protect the plaintiff.").  Instead, he alleges that he complained about being shackled to another inmate due to a risk that he would fall of his own accord, which did not occur, but that he was injured when the other inmate's intentional behavior caused him to fall.  Plaintiff's claims regarding his fall on the bus, to the extent that they are realleged in the Amended Complaint, must therefore be dismissed with prejudice.

### c. Slip and Fall Claim

Similarly, the failure to transfer Plaintiff to the handicapped dorm until he fell on a wet floor in bathroom does not allege deliberate indifference on the part of any Defendant.  To state an Eighth Amendment violation, "the alleged safety issue must expose the

---

[3] "When I fell it was because [the other inmate] needed to use the bathroom in the back of the bus, I could not make it there as he was trying to drag me down the aisle, the officers had taken my cane away from me on entering the bus."  Docket Item 1-4 at 10.  The Court recognizes that its review is "limited to the contents of the operative complaint and documents attached to it or incorporated into it by reference." *McCray v. Lee*, 963 F.3d 110 (2d Cir. 2020).  If Plaintiff did not intend to repeat and incorporate his initial allegations, the facts alleged in the Amended Complaint would warrant dismissal with prejudice because they offer no support for any claim regarding the fall on the bus to Groveland.

9

inmate to serious damage to future health." *Hawkins v. Nassau Cty. Corr. Fac.*, 781 F. Supp. 2d 107, 113 (E.D.N.Y. 2011) (collecting slip and fall cases). Plaintiff's allegations do not suggest the deliberate indifference on the part of any Defendant. As in *Hawkins*, "plaintiff's allegations that he fell in the shower area of the jail because of a slippery floor do not state a plausible Section 1983 claim." *Hawkins*, 781 F. Supp. 2d at 114. "[S]lip-and-fall claims are seldom viewed as having constitutional dimension." *McCray*, 963 F.3d 110 at *2. In *McCray*, the Second Circuit affirmed dismissal because Plaintiff "did not make any claims of exceptional circumstances that would elevate . . . conditions beyond the typical level of danger presented by a slippery sidewalk or a wet floor." *Id.* at *7. Plaintiff's Eighth Amendment claims based on slip and fall allegations must be dismissed with prejudice for failure to state a claim.

### d.  Americans with Disabilities Act ("ADA") and Rehab Act Claims

Plaintiff alleges that Defendants violated Title II of the ADA when he was given inadequate medical care and when he was not housed in the medical dorm at Groveland. Title II of the ADA provides, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiff's ADA claims for injunctive relief were severed and transferred to the Northern District of New York (Initial Review Order at 19) and will not be addressed here. *See Prins v. Coughlin*, 76 F3d 504, 506 (2d Cir. 1996) (It "is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility.").

It "is well established that Title II does not authorize suits against state officers in their individual capacities." *Cole v. Goord*, 05 CIV. 2902 (GEL), 2009 WL 2601369, at *3 (S.D.N.Y. Aug. 25, 2009). Therefore, a plaintiff may only "proceed with a suit against the defendants in their official capacity for injunctive relief." *Id*. Plaintiff, an inmate at Franklin and no longer transported to Groveland for court, can obtain no possible injunctive relief against Groveland Defendants, nor can he maintain an action against them for money damages in their individual capacity. To the extent that Plaintiff raises ADA claims against Groveland Defendants in his Amended Complaint, they are dismissed with prejudice.

Plaintiff also raises claims under the Rehab Act based on the same conduct. Rehabilitation Act of 1973, 29 U.S.C. § 701 et. seq. Like the ADA, however, the Rehab Act does not authorize suits against state officials in their individual capacities for money damages. "Insofar as [Plaintiff] is suing the individual defendants in their individual capacities, neither Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials." *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001). Plaintiff's Rehab Act claims must likewise be dismissed with prejudice.

## **ORDER**

IT IS HEREBY ORDERED, that the Amended Complaint is dismissed with prejudice for failure to state a claim on which relief may be granted; and

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438

(1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

    IT IS SO ORDERED.

                                        _____
                                               DAVID G. LARIMER
                                        United States District Judge

Dated: Rochester, New York
       July 20, 2020.